UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| SCOMA CHIROPRACTIC, P.A., *et al.*, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) Case No.: 2:16-CV-41-UA-MRM |
| DENTAL EQUITIES, LLC, *et al.* | ) ) |
| Defendants. | ) ) ) |

**DEFENDANT FIRST ARKANSAS BANK & TRUST'S REPLY
TO PLAINTIFFS' OPPOSITION TO MOTION TO STAY**

Pursuant to this Court's October 28, 2016 Order (ECF No. 62), Defendant First Arkansas Bank & Trust ("First Arkansas") replies to Plaintiffs' Opposition to the Motion to Stay. First Arkansas has moved for a stay of this action pending approval of a proposed class settlement in *Davis Neurology, P.A. v. Dental Equities, LLC*, Case No. 4:16-cv-00371-BSM (E.D. Ark.) ("*Davis* action") or, in the alternative for an extension of time to file a responsive pleading to the third amended complaint filed by Plaintiffs Dr. William P. Gress and Florence Mussat, M.D., S.C. (collectively "Plaintiffs").[1]

Plaintiffs' opposition omits recent developments in the *Davis* action, most importantly, the scheduling of a hearing on November 7, 2016, on the *Davis* plaintiff's October 11, 2016, motion for preliminary approval of the proposed class settlement and the Plaintiffs' planned participation in that hearing. Plaintiffs also misconstrue the purpose of and legal standard for the requested stay. By any objective analysis, Plaintiffs do not stand to

---

[1] Plaintiffs do not oppose First Arkansas's alternative request for an extension of time to file a responsive pleading. *See* Pl.'s Opp. (Oct. 24, 2016) at 19, ECF No. 61.

1

suffer any prejudice from the issuance of a stay. The Court should grant First Arkansas's motion to stay.

I. **A HEARING ON THE MOTION FOR PRELIMINARY APPROVAL OF THE *DAVIS* CLASS SETTLEMENT IS SCHEDULED FOR NOVEMBER 7, 2016.**

Plaintiffs' opposition describes at length the procedural history of both this litigation and the *Davis* action, but omits the most relevant fact: a hearing on the motion for preliminary approval is scheduled for November 7, 2016. *See* Notice of Hearing on Motion, attached as **Exhibit 1**.[2] Plaintiffs' omission is odd because they are participating in the hearing. Plaintiffs' omission could be considered misleading because the settlement hearing is central to First Arkansas's request for a stay: a stay is necessary to allow the *Davis* court time to consider a proposed class settlement that, if approved, would ultimately result in the dismissal of the class-wide claims against Defendants First Arkansas and Dental Equities, LLC ("Dental Equities") from this litigation.[3] *See* Def.'s Motion to Stay (Oct. 11, 2016) at 7, ECF No. 58. Plaintiffs do not dispute this fact. Instead, in an effort to persuade the Court to deny First Arkansas's request for a stay, Plaintiffs lob collateral attacks against the fairness of the settlement currently before the *Davis* court. These misplaced arguments should be— and will be—resolved in the *Davis* action and are not relevant to this Court's consideration of

---

[2] The *Davis* court refers to the motion for preliminary approval as the "settlement motion" in its notice setting the November 7, 2016 hearing.

[3] Defendant MasterCard International ("MasterCard") is not a party in the *Davis* action, and therefore is not a party to the settlement reached in that case. Davis Neurology P.A. has stipulated that the *Davis* settlement agreement was not intended to release any claims against MasterCard. *See* Resp. to Notice of Objection to Motion for Preliminary Approval, attached as **Exhibit 2**. Any questions concerning whether MasterCard is released by the *Davis* settlement agreement should be left for *Davis* court to resolve and would only further support the granting of a stay.

the pending motion to stay. Plaintiffs' attempt to avoid a stay and extend this complex costly litigation runs counter to the well-accepted principal that class action settlements are favored. *Bennett v. Behring Corp.*, 96 F.R.D. 343, 348 (S.D. Fla. 1982), *aff'd*, 737 F.2d 982 (11th Cir. 1984) (settlements of class actions are "highly favored in the law and will be upheld whenever possible").[4]

Moreover, the motion for preliminary approval pending before the *Davis* court includes a request to enjoin settlement class members from pursuing independent actions against First Arkansas and Dental Equities for claims arising out of facsimile transmissions advertising the availability of Doctors Club credit cards. *See* Pl.'s Motion for Preliminary Approval (Oct. 11, 2016) at 25-26, ECF No. at 58-3; *see also* 28 U.S.C. § 1651(a) ("All Writs Act") (providing authority to district courts to issue injunctions to preserve jurisdiction). As Plaintiffs may be enjoined from prosecuting this action against First Arkansas and Dental Equities,[5] a stay should be issued to permit the *Davis* court to assess the propriety of the proposed settlement (a process in which Plaintiffs herein will have the opportunity to be heard) and to avoid unnecessary proceedings, burdensome discovery, and potentially inconsistent holdings.

---

[4] To the extent Plaintiffs challenge the value of the proposed settlement, that issue, among others, is an issue for the *Davis* court to address and resolve.

[5] Plaintiffs would be enjoined only to the extent that they remain in the settlement class. If Plaintiffs were to opt-out of the settlement, they would be free to pursue their claims against First Arkansas and Dental Equities on an individual basis. Similarly, if the agreement is terminated or the settlement not approved by the court the stay would be lifted. *See id*. at 26, ECF 58-3.

## II.      THE FAIRNESS OF THE PROPOSED *DAVIS* SETTLEMENT IS NOT PROPERLY BEFORE THIS COURT.

Plaintiffs misconstrue the standard for granting a stay. In considering whether a stay is appropriate, courts consider three factors: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation." *Jozwiak v. Stryker Corp.*, No. 6:09-cv-1985-Orl-19GJK, 2010 WL 147143, at *2 (M.D. Fla. Jan. 11, 2010).

In an attempt to satisfy the first prong of the test, Plaintiffs mistakenly focus on the ways in which they allegedly will be prejudiced by the settlement in the *Davis* action, prejudice that is unrelated to a stay in this action.[6] Plaintiffs claim they will be prejudiced should the court issue a stay because the *Davis* settlement is "grossly unfair to the proposed classes in both the *Davis* and *Scoma* Actions, and has strong indicia of a 'reverse auction.'" ECF No. 61 at 11. The fairness of the *Davis* settlement and the means by which the settlement was reached go to the merits of the proposed settlement, which the *Davis* court will resolve and have no relation to the prejudice Plaintiffs allegedly will suffer if a stay is entered in *this* case.

With respect to the second prong of the test (hardship and inequity), should the stay not be granted, First Arkansas will be forced to engage in expensive and time consuming litigation that may ultimately be mooted by final approval of the *Davis* settlement. Should

---

[6] Plaintiffs' arguments concerning the unfairness of the *Davis* settlement support granting a stay in this action. Plaintiffs have raised these exact arguments in the multiple filings they have made in the *Davis* action including in their motions to intervene and dismiss, notice of objection to the motion for preliminary approval, and notice of supplemental information *See* Pl.'s Opp. to Motion to Stay (Oct. 24, 2016) at 5, ECF No. 61; *see also* Notice of Additional Information, attached as **Exhibit 3**. Arguments concerning the fairness of the proposed settlement are therefore already—and more appropriately—before the *Davis* court.

4

the case proceed, First Arkansas will be subject to hardship as a result of potentially inconsistent holdings and the burden and cost of proceedings in this action which stems from the identical set of operative facts (and fax) as the *Davis* matter.

Finally, as it relates to the third prong of the test, a stay of this case will enable the *Davis* court to resolve the motion to approve the proposed class settlement. The settlement has the potential to resolve all claims held by Plaintiffs against First Arkansas and Dental Equities, streamlining issues, limiting the parties, and avoiding unnecessary and duplicative litigation in this case. The conservation of judicial resources that could result from allowing the *Davis* court to consider the preliminary approval motion strongly supports granting a stay.

## III.     CONCLUSION

For the foregoing reasons Defendant First Arkansas Bank & Trust requests that the Court grant its motion to stay.

Dated: November 4, 2016

/s/ Patricia A. Gorham
Patricia A. Gorham (Florida Bar Number 0049861)
SUTHERLAND ASBILL & BRENNAN LLP
999 Peachtree Street, N.E., Suite 2300
Atlanta, Georgia 30309-3996
Telephone: (404) 853-8000
Facsimile: (404) 853-8806
Email: patricia.gorham@sutherland.com

Lewis S. Wiener (p*ro hac vice*)
SUTHERLAND ASBILL & BRENNAN LLP
700 6th Street, N.W. , Suite 700
Washington, DC 20001
Telephone: (202) 383-0100
Facsimile: (202) 637-3593
Email: lewis.wiener@sutherland.com

*Attorneys for Defendant First Arkansas Bank & Trust*

5

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of November, 2016, I electronically filed the foregoing **DEFENDANT FIRST ARKANSAS BANK & TRUST'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO STAY** with the Clerk of the Court using the Court's CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Ryan M. Kelly
Ross M. Good
Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, Illinois 60008
rkelly@andersonwanca.com
rgood@andersonwanca.com
bwanca@andersonwanca.com

Reginald J. Clyne
QUINTAIROS, PRIETO, WOOD & BOYER, P.A.
9300 South Dadeland Boulevard, 4th Floor
Miami, Florida 33156
Rclyne.pleadings@qpwblaw.com

I further certify that on this 4th day of November, 2016, I served the foregoing **DEFENDANT FIRST ARKANSAS BANK & TRUST'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO STAY** via U.S. Mail, postage pre-paid, on the following non-CM/ECF participant:

Lissette Eusebio
QUINTAIROS, PRIETO, WOOD & BOYER, P.A.
9300 South Dadeland Boulevard, 4th Floor
Miami, Florida 33156

/s/ Patricia A. Gorham
Patricia A. Gorham