UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SCOMA CHIROPRACTIC, P.A., a Florida corporation, WILLIAM P. GRESS, an Illinois resident, and FLORENCE MUSSAT, M.D., S.C., an Illinois service corporation, individually and as the representative of a class of similarly-situated persons,

    Plaintiffs,

v.   Case No: 2:16-cv-41-FtM-99MRM

DENTAL EQUITIES, LLC, JOHN DOES (1-10), FIRST ARKANSAS BANK & TRUST, and MASTERCARD INTERNATIONAL INCORPORATED, a Delaware corporation,

    Defendants.

## OPINION AND ORDER

This matter comes before the Court on Defendant First Arkansas Bank & Trust's ("First Arkansas") Motion to Stay Action (Doc. #58) filed on October 11, 2016. Plaintiffs' opposition (Doc. #61) was filed on October 24, 2016. First Arkansas filed a reply (Doc. #54) and Supplemental Notice in Support of Stay of Action (Doc. #70). For the reasons set forth below, the motion is granted.

**I.**

This is a junk fax case. On September 26, 2016, plaintiffs filed a Third Amended Class Action Complaint (Doc. #55) against

Dental Equities, First Arkansas, MasterCard International Inc., and John Does 1-10 (collectively "defendants"). The one-count Complaint alleges that defendants violated the Telephone Consumer Protection Act of 1991 (TCPA), as amended by the Junk Fax Protection Act of 2005, 47 U.S.C. § 227, by sending plaintiffs (and others) unsolicited commercial advertisements by facsimile machine (i.e. "junk faxes"). The junk fax plaintiffs received (Docs. ##55-1 – 55-3) invites recipients to apply for a DoctorsClub MasterCard, and did not include certain opt-out language that plaintiffs argue is required by the TCPA. Plaintiffs allege that, by sending these junk faxes, defendants: i) caused plaintiffs and others to lose paper and toner; ii) occupied their telephone lines and fax machines; iii) wasted their time; and iv) violated their privacy interests. (Doc. #55, ¶ 41.)

Defendant First Arkansas seeks a stay of the proceedings in this case pending the final approval of a class action settlement reached between First Arkansas and Dental Equities in a parallel action pending in the Eastern District of Arkansas, Davis Neurology, P.A. v. Dental Equities, LLC, et al., Case No. 4:16-cv-371-BSM (E.D. Ark.) ("Davis action").[1] Both this case and the Davis action arise out of and concern the same fax transmissions alleged to have been sent by or on behalf of defendants in

---

[1] The underlying Settlement Agreement is executed by Davis Neurology, P.A. and First Arkansas. (Doc. #58-12.)

violation of the TCPA in this case, and plaintiffs in this case are within the settlement class definition. (Doc. #70-1, ¶ 6.)

The court in the Davis action preliminarily approved the proposed class settlement and conditionally certified a class for settlement purposes on November 18, 2016.[2] (Doc. #70-1.) In that order, the court set a final approval hearing for April 3, 2017, and set the objection and opt-out/exclusion deadline for February 1, 2017. (Id. at ¶¶ 9, 13.) The order stated that persons in the settlement class may not both object and opt-out/exclude themselves from the proposed settlement. (Id. at ¶ 13.) If a person both requests to opt-out/exclude and objects, the request to opt-out/exclude will control. (Id. at ¶¶ 13-14.) Anyone who makes a valid objection to the settlement and submits it timely may request to appear at the final approval hearing. (Id. at ¶ 18.) First Arkansas and Dental Equities[3] are Released Parties to the Settlement Agreement. (Id. at ¶ 2.) MasterCard is not a defendant, nor a released party in the Davis action. (Id.)

---

[2] A review of the Davis action docket shows that plaintiffs filed objections to the Motion for Preliminary Approval, as well as a request to intervene in that case. Counsel for plaintiffs was also present at the hearing on the Motion for Preliminary Approval. The court denied the request to intervene.

[3] A Clerk's Default was entered against Dental Equities in this case on May 3, 2016 for failure to answer or otherwise defend. (Doc. #41.)

In the <u>Davis</u> court's order preliminarily approving the settlement, the court noted that the parties to the <u>Davis</u> action and all parties to the settlement class are enjoined from litigation pending a final determination of whether the settlement should be approved:

> The class representatives and all persons in the settlement class are hereby stayed an enjoined from commencing, pursuing, maintaining, enforcing, or prosecuting, either directly or indirectly, any released claims in any judicial, administrative, arbitral, or other forum, against any of the released parties. Such injunction will remain in force until the final approval order is entered or until such time as the parties provide notice that the settlement has been terminated. Nothing herein will prevent any person in the settlement class, or any person actually or purportedly acting on behalf of any such person(s), from taking any actions to stay or dismiss any released claim(s). This injunction is necessary to protect and effectuate the agreement, this preliminary approval order, and the court's flexibility and authority to effectuate the agreement and to enter judgment when appropriate and is ordered in aid of this court's jurisdiction and to protect its judgments. <u>This injunction does not apply to any person who requests to opt-out/exclude themselves from the settlement pursuant to paragraphs 13 and 14 herein</u>.

(Doc. #70-1, ¶ 21) (emphasis added.)

In opposition to the Motion to Stay, plaintiffs argue that they would be unfairly prejudiced if a stay is entered because the proposed underlying settlement is grossly unfair, the release is overbroad, the Settlement Agreement is a "reverse auction" and

- 4 -

First Arkansas has failed to establish a clear case of hardship or inequity if this case went forward.[4]

## II.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). Determining whether a stay is justified requires an "exercise of judgment, which must weigh competing interests and maintain an even balance." Id. at 254-55. "A variety of circumstances may justify a district court stay pending the resolution of a related case in another court. A stay sometimes is authorized simply as a means of controlling the district court's docket and of managing cases before the district court." Ortega Trujillo v. Conover & Co. Commc'ns, 221 F.3d 1262, 1264 (11th Cir. 2000). "When a district court exercises its discretion to stay a case pending the resolution of related proceedings in another forum, the district court must limit properly the scope of the stay. A stay must not be 'immoderate.'" Id. In determining

---

[4] A number of plaintiffs' arguments raised in their opposition to the Motion to Stay, which was filed on October 24, 2016, before the preliminary approval order in the Davis action was entered, are now moot given the Davis court's November 18, 2016 order. For example, plaintiffs argue they would be prejudiced because MasterCard is released from liability in the underlying settlement, but the Davis court specifically stated that MasterCard is not a released party. (Doc. #70-1, ¶ 2.)

whether to grant a stay, courts generally examine three factors: (1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (2) whether a stay will simplify the issues and streamline the trial; and (3) whether a stay will reduce the burden of litigation on the parties and on the court. Freedom Scientific, Inc. v. GW Micro, Inc., No. 8:05-cv-1365-T-33TBM, 2009 WL 2423095, *1 (M.D. Fla. July 29, 2009).

Under the first factor, the Court finds that a stay would not unduly prejudice or disadvantage plaintiffs by further delaying these proceedings. The Court understands that plaintiffs have substantive objections to the proposed settlement but that is not a basis for prejudice upon which the Court will deny a stay as plaintiffs have a forum to raise their objections - in the Davis action. Plaintiffs may also elect to opt-out/exclude themselves from the Davis settlement and not be bound by its determinations and judgments. Either way, the Court finds that a stay is appropriate as to defendants First Arkansas and Dental Equities in light of the terms of the Settlement Agreement which enjoin litigation of released claims against the released parties pending a final determination whether the settlement should be approved. Notably, plaintiffs would be enjoined only to the extent that they remain in the settlement class. If plaintiffs were to opt-out of the settlement, they would be free to pursue their claims against First Arkansas and Dental Equities on an individual basis. (Doc.

#70-1, ¶ 21.) Or if the agreement is terminated and the settlement is not approved, the stay would be lifted. Furthermore, a stay as to First Arkansas and Dental Equities is not unduly prejudicial for plaintiffs as this case will proceed against defendant MasterCard who is not a released party to the underlying settlement.

With regard to the second and third factors, a stay will simplify the issues and reduce the burden of litigation on the parties as the settlement has the potential to resolve all claims held by plaintiffs against First Arkansas and Dental Equities alleged in this case.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Defendant First Arkansas Bank & Trust's Motion to Stay Action (Doc. #58) is **GRANTED.** This matter is **STAYED** as to defendants First Arkansas Bank & Trust and Dental Equities ONLY. This case will proceed as to defendant MasterCard International Inc.

2. The stay shall remain in effect until **February 1, 2017**, or such time as plaintiffs opt-out of the underlying settlement. If plaintiffs opt-out of the underlying settlement, they are directed to file a notice with the Court, requesting that the stay be lifted.

3. If plaintiffs do not opt-out of the underlying settlement, the stay will continue until the court's final determination of whether the settlement should be approved in <u>Davis Neurology, P.A. v. Dental Equities, LLC, et al.</u>, Case No. 4:16-cv-371-BSM (E.D. Ark.). If the settlement is terminated, or final approval does not occur, the stay will be immediately lifted. Defendant First Arkansas Bank & Trust is directed to file a notice with the Court upon such a determination by the court in the <u>Davis</u> action.

**DONE and ORDERED** at Fort Myers, Florida, this __28th__ day of December, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record