```
             UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF FLORIDA
                  FORT MYERS DIVISION
```

SCOMA CHIROPRACTIC, P.A., a
Florida corporation,
WILLIAM P. GRESS, an
Illinois resident, and
FLORENCE MUSSAT, M.D., S.C.,
an Illinois service
corporation, individually
and as the representative of
a class of similarly-
situated persons,

       Plaintiffs,

v.                             Case No: 2:16-cv-41-FtM-99MRM

DENTAL EQUITIES, LLC, JOHN
DOES (1-10), FIRST ARKANSAS
BANK & TRUST, and MASTERCARD
INTERNATIONAL INCORPORATED,
a Delaware corporation,

       Defendants.

---

## **OPINION AND ORDER**

This matter comes before the Court on defendant MasterCard International Incorporated's (defendant or MasterCard) Motion to Dismiss (Doc. #65) filed on November 10, 2016.  Plaintiffs filed a response in opposition (Doc. #72) and MasterCard replied (Doc. #77).  For the reasons set forth below, the motion is denied.

**I.**

This is a junk fax case. On September 26, 2016, plaintiffs filed a Third Amended Class Action Complaint (Doc. #55) against Dental Equities, First Arkansas Bank & Trust, MasterCard International Incorporated, and John Does 1-10.[1] The one-count Complaint alleges that defendants violated the Telephone Consumer Protection Act of 1991 (TCPA), as amended by the Junk Fax Protection Act of 2005, 47 U.S.C. § 227, by sending plaintiffs (and others) unsolicited commercial advertisements by facsimile machine beginning in December of 2015 (i.e. "junk faxes"). The junk faxes plaintiffs received (Docs. ##55-1 – 55-3) invites recipients to apply for a DoctorsClub MasterCard, and did not include certain opt-out language that plaintiffs argue is required by the TCPA. The junk faxes included a picture of the DoctorsClub credit card, which bears the MasterCard logo. (Id.)

Plaintiffs allege on information and belief that MasterCard entered into an agreement with one or more of the other defendants to permit the credit card to carry the MasterCard brand for which MasterCard was to receive part of the revenue from the card's use. (Doc. #55, ¶ 13.) Plaintiffs state that MasterCard provided

---

[1] This case has been stayed as to defendants First Arkansas Bank & Trust and Dental Equities only due to an underlying settlement. (Doc. #78.)

substantial money to Dental Equities to market the card, and that MasterCard paid for, knew of, and permitted the fax broadcasting at issue in this case. (Id.)  Plaintiffs plead that MasterCard is a responsible party under the TCPA because MasterCard benefited from, or would benefit from, the fax marketing of the credit card and provided the funds for the fax advertising to take place. (Id.)  Plaintiffs proposed class definition in relevant part includes persons who were sent fax messages advertising goods or services by or on behalf of defendants.  (Id. at ¶¶ 24, 27.)

MasterCard has moved to dismiss plaintiff's Third Amended Complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that the Complaint fails to allege that MasterCard was a "sender" of the offending faxes as defined by the TCPA, or that it directed or approved the transmissions.  MasterCard also argues under Federal Rule of Civil Procedure 8 that the Third Amended Complaint lacks the "who, what, when, where" regarding any purported agreement with the other defendants so that MasterCard may form a response, and that plaintiffs have improperly grouped defendants together making it difficult for MasterCard to properly respond to specific allegations against it.

**II.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth." Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely

consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

## III.

### A. Whether the Complaint Adequately States a Claim Against MasterCard

The TCPA makes it "unlawful for any person . . . to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement" unless there exists an "established business relationship" between the "sender" and the recipient meeting certain criteria. 47 U.S.C. § 227(b)(1)(C). Although the Act does not further define what it means to "send" a fax, the Federal Communications Commission's (FCC) 2006 regulations regarding the restrictions on facsimile advertising (the 2006 Regulations) define the "sender" of a fax as any "person or entity on whose behalf a facsimile unsolicited advertisement is sent **or** whose goods or services are

advertised or promoted in the unsolicited advertisement."[2]  47 C.F.R. § 64.1200(f)(10) (emphasis added).  In other words, the FCC's current view is that **one whose goods or services are promoted in the unsolicited fax may be held strictly liable under the TCPA for its transmission**, even absent a showing that the fax was sent on its behalf.  JWD Automotive, Inc. v. DJM Advisory Group LLC, ___ F. Supp. 3d ___, 2016 WL 6835986, at *5 (M.D. Fla. Nov. 21, 2016).

The faxes at issue here include a picture of the DoctorsClub credit card bearing the MasterCard logo, and state, "Be the first to Pre-Order the Exclusive DoctorsClub World Elite Mastercard!"[3] (Docs. ## 55-1 - 55-3.)  Accordingly, at least pursuant to the 2006 Regulations, the Third Amended Complaint adequately alleges that MasterCard "sent" the Fax, so as to state a claim of strict direct-sender liability under the TCPA against it.  See Supply Pro Sorbents, LLC v. Ringcentral, Inc., No. C 16–02113 JSW, 2016 WL 5870111, at *4 (N.D. Cal. Oct. 7, 2016) (inclusion of defendant's

---

[2] The FCC is the entity tasked with "prescrib[ing] regulations to implement" the TCPA.  Murphy v. DCI Biologicals Orlando, LLC, 797 F.3d 1302, 1305 (11th Cir. 2015) (quoting 47 U.S.C. § 227(b)(2)).

[3] "A district court can generally consider exhibits attached to a complaint in ruling on a motion to dismiss...."  Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016).

name and website at the bottom of a fax promoted defendant's services and thus was "sufficient to permit Defendant to fall with[in] the statutory definition of sender"). Nevertheless, MasterCard argues that the Third Amended Complaint does not allege specific facts supporting the conclusory assertion that the faxes were sent *on their behalf*. In this regard, MasterCard argues that in order to adequately plead that the faxes were sent on their behalf, the Court must apply certain factors recognized by the Sixth Circuit in Siding & Insulation Co. v. Alco Vending, Inc., 822 F.3d 886, 892–95 (6th Cir. 2016)[4] (citing Palm Beach Golf Center–Boca, Inc. v. John G. Sarris, D.D.S., P.A., 781 F.3d 1245 (11th Cir. 2015)). (Docs. #65 at 7; #77, ¶ 11.)

---

[4] In Alco Vending, the Sixth Circuit recognized that the phrase "on-whose-behalf" has been treated a as a term of art that blends the following factors:

> the degree of input and control over the content of the fax(es), the actual content of the fax(es), contractual or expressly stated limitations and scope of control between the parties, privity of the parties involved, approval of the final draft of the fax(es) and its transmission(s), method and structure of payment, overall awareness of the circumstances (including access to and control over facsimile lists and transmission information), and the existence of measures taken to ensure compliance and/or to cure non-compliance with the TCPA.

822 F.3d at 899.

While Palm Beach did apply an "on behalf of" theory of direct-sender liability, that case involved a fax transmitted in 2005, prior to the promulgation of the FCC's 2006 Regulations.  781 F.3d at 1254 n. 9, 1257–58.  It is, therefore, fair to read Palm Beach as refusing retroactive application of the 2006 Regulations, not as rejecting the FCC's current "strict" view of direct-sender liability under the TCPA for faxes sent after the 2006 Regulations took effect.  See Arkin v. Innocutis Holdings, LLC, No. 8:16–CV–0321–T–27TBM, ___ F. Supp. 3d ___, 2016 WL 3042483, at *5 (M.D. Fla. May 26, 2016) (defendant's reliance on Palm Beach to determine whether the complaint properly alleged direct-sender liability for a fax sent in 2015 was "misplaced").

Because the Eleventh Circuit has not expressly rejected the strict definition of "sender" articulated in the FCC's 2006 Regulations, and because the junk fax plaintiffs received were allegedly sent sometime beginning in December of 2015 (Doc. #55, ¶¶ 15-17), this Court will apply the 2006 Regulation definition and declines MasterCard's invitation to scrutinize plaintiffs' pleading under the "on-whose-behalf" standard and factors set forth in Alco Vending.  As the Court recently recognized, to refuse to apply the FCC's strict-liability definition would likely violate the Hobbs Act, 28 U.S.C. § 2342, which grants the circuit

courts of appeals exclusive jurisdiction over challenges to administrative agencies' interpretation of statutory language. JWD Automotive, 2016 WL 6835986, at *4 (citing Sliwa v. Bright House Networks, LLC, No. 2:16-CV-235-FTM-29MRM, 2016 WL 3901378, at *4 (M.D. Fla. July 19, 2016) ("[T]his court, like all district courts, 'lacks jurisdiction under the Hobbs Act to consider the argument that the FCC incorrectly interpreted [the TCPA]." (internal alterations omitted) (quoting Murphy, 797 F.3d at 1305)); Imhoff Inv., L.L.C. v. Alfoccino, Inc., 792 F.3d 627, 637 (6th Cir. 2015) (observing that a direct challenge at the district court level to "the legitimacy of the FCC's definition of sender in [Section] 64.1200(f)(10) [is un]likely to be viable because the Hobbs Act confers jurisdiction on Courts of Appeal to review FCC regulations only by direct appeal from the FCC"); Chhetri v. United States, 823 F.3d 577, 586-87 (11th Cir. 2016) (affirming the district court's conclusion that it lacked jurisdiction under the Hobbs Act to review the validity of a regulation promulgated by a federal agency); CE Design, Ltd. v. Prism Bus. Media, Inc., 606 F.3d 443, 449 (7th Cir. 2010) ("[T]he Hobbs Act prevents the district court from reviewing the validity of FCC regulations.").

Because plaintiffs have adequately alleged a theory of strict liability against MasterCard as a "sender" of the junk faxes, the Court denies its request for dismissal under Rule 12(b)(6).

**B. Whether the Complaint Complies with Rule 8**

Lastly, MasterCard argues that plaintiffs' Third Amended Complaint runs afoul of Rule 8 by improperly lumping their allegations against defendants together, lacking the specific roles and terms of any purported agreements between the defendants. The Court disagrees. After taking all plaintiffs' allegations as true, plaintiffs have sufficiently pled allegations against MasterCard and its purported role in the transmission of junk faxes such that MasterCard may form a response. (Doc. #55, ¶ 13.)

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Defendant MasterCard International Incorporated's Motion to Dismiss (Doc. #65) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___11th___ day of January, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record