UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SCOMA CHIROPRACTIC, P.A., a
Florida corporation, FLORENCE
MUSSAT M.D., S.C., an Illinois
service corporation, and WILLIAM P.
GRESS, an Illinois resident,
individually and as the
representatives of a class of similarly-
situated persons,

      Plaintiffs,

v.                                          Case No:   2:16-cv-41-JLB-MRM

DENTAL EQUITIES, LLC, FIRST
ARKANSAS BANK & TRUST,
MASTERCARD INTERNATIONAL
INCORPORATED, a Delaware
corporation, and JOHN DOES 1-10,

      Defendants.
_____/

## ORDER

Defendant Mastercard International Incorporated ("Mastercard") moves under Federal Rule of Civil Procedure 59(e) for reconsideration of the Court's order (Doc. 188) granting Plaintiffs' motion to certify a class of individuals who received unsolicited faxes, purportedly sent from Mastercard, on their respective stand-alone fax machines.  (Doc. 189.)  After careful review of the motion and Plaintiffs' response (Doc. 194), there is no basis for reconsideration, and the motion (Doc. 189) is **DENIED**.

## BACKGROUND

This is a junk fax case brought pursuant to the Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227 ("the TCPA"). Plaintiffs allege that faxes advertising a Mastercard credit card were sent to fax numbers without the recipients' permission and were received on stand-alone fax machines and via an online fax service. (Doc. 55 at 2, ¶ 2, at 5, ¶¶ 15–21.) Plaintiffs moved to certify a class of all individuals who received the faxes and, alternatively, certification of classes of those who received the fax on a stand-alone machine and those who received the fax via an online fax service. (Doc. 178 at 4–5.)

Following extensive briefing and with guidance from the Eleventh Circuit's recent decision in Cherry v. Dometic Corp., 986 F.3d 1296 (11th Cir. 2021), the Court first found it likely that many of the putative class members who received the fax via an online fax service lack Article III standing. (Doc. 188 at 7–11.) Second, the Court determined that the question of whether the TCPA covers receipt of a fax via an online fax service bears on the predominance inquiry under Federal Rule of Civil Procedure 23(b)(3) and must be answered. (Id. at 12–14.) The Court next found that receipt of faxes through online fax services is not covered by the TCPA. (Id. at 15–19.) Accordingly, because individual issues of whether a member received a fax via an online fax service would predominate over any common issues as to the All Fax Recipients Class and individualized issues of Article III standing would

predominate as to the putative All Fax Recipients and Online Fax Service Classes, certification of the two classes was inappropriate. (Id. at 20–21.)

As to the Stand-Alone Fax Machine Class, the Court found that certification is appropriate under Rule 23(b)(3) because there are several common issues of fact and law which could be determined class-wide and predominate over individual issues, and a class action would be superior to other methods for adjudicating the controversy. (Id. at 25–28.) As to Rule 23(b)(3)(D)'s "manageability" factor, any difficulties in identifying membership of the Stand-Alone Fax Machine Class do not outweigh the factors that countenance in favor of class certification. (Id. at 21–25.)

Mastercard now moves for reconsideration under Federal Rule of Civil Procedure 59(e), contending that the Court erred in certifying the class in light of subpoena responses from telephone carriers in a separate case which, Mastercard contends, demonstrate the difficulty of distinguishing between individuals who received the fax on a stand-alone machine and those who received the fax via an online fax service. (Doc. 189 at 5–19.) Second, Mastercard contends the order is inconsistent insofar as it rejected the proposed All Fax Recipients Class based on a lack of predominance due to the required individualized inquiries to determine whether each member received a fax via a stand-alone machine or an online fax service but found that common issues do predominate as to the Stand-Alone Fax Machine Class. (Id. at 19–24.) Plaintiffs have responded in opposition. (Doc. 194.)[1]

---

[1] Mastercard has also filed a motion for leave to file a reply. (Doc. 195.) However, this matter is extensively briefed, and Mastercard has failed to show that a reply is warranted. Accordingly, the motion is due to be denied. Likewise,

## LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) allows parties to move "to alter or amend a judgment" no later than twenty-eight days after the entry of judgment. Fed. R. Civ. P. 59(e). "The Rule gives a district court the chance to rectify its own mistakes in the period immediately following its decision." Banister v. Davis, 140 S. Ct. 1698, 1703 (2020) (quotation omitted). A motion under Rule 59(e) cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc. v. Vill. of Wellington, 408 F.3d 757, 763 (11th Cir. 2005) (citations omitted).

Courts recognize three grounds to support a motion under Rule 59(e): (1) an intervening change in controlling law; (2) newly discovered evidence, and (3) manifest errors of law or fact. Banister, 140 S. Ct. at 1703 n.2; Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (citation omitted). A manifest error "amounts to a wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Shuler v. Garrison, 718 F. App'x 825, 828 (11th Cir. 2017) (quotation omitted).

## DISCUSSION

Rather than present an intervening change in controlling law, newly discovered evidence, or manifest errors of law or fact, Mastercard seeks merely to relitigate old matters, raise arguments, and present evidence that could have been

---

Mastercard's motion for an extension of time to file a reply is denied as moot. (Doc. 196.)

4

raised prior to entry of the certification order. Accordingly, Mastercard has not shown that reconsideration of the certification order is warranted.

## I. Mastercard's reliance on purported "evidence" from other cases is not a basis for reconsideration.

Mastercard first contends that the Court erred in certifying the Stand-Alone Fax Machine Class in light of subpoena responses from telephone carriers in a separate case, True Health Chiropractic Inc. v. McKesson Corp., No. 13-cv-2219-HSG (N.D. Cal.) ("McKesson"), which, according to Mastercard, demonstrate the difficulty of distinguishing between individuals who received the fax on a stand-alone machine and those who received the fax via an online fax service. (Doc. 189 at 5–19.) Specifically, Mastercard asserts:

> The new evidence in McKesson consists of subpoena responses from over 100 telephone carriers (and expert testimony interpreting those responses) which conclusively establish that the subpoena process Plaintiffs[] propose here is incapable of generating classwide proof showing how the faxes were received. In light of this evidence, the McKesson court decertified the stand-alone fax machine class.

(Doc. 189 at 2.) This is not a basis for reconsideration for several reasons.

First, the subpoena responses in McKesson do not constitute "newly discovered evidence." As Plaintiffs observe, the subpoena responses were discussed in the McKesson court's October 15, 2021 order decertifying class, which predated this Court's certification order by more than two months. See McKesson, 2021 WL 4818945 (N.D. Cal. Oct. 15, 2021); see also Mincey v. Head, 206 F.3d 1106, 1137 n.69 (11th Cir. 2000) ("[T]he moving party will not prevail on a Rule 59(e) motion

5

that introduces previously unsubmitted evidence absent a showing that the evidence was unavailable at the time of the judgment.") Moreover, Mastercard cites no authority supporting its proposition that subpoena responses in a separate, out-of-circuit case constitutes "evidence" in this case under Rule 59(e).

Second, even assuming the subpoena responses constitute newly discovered evidence, Mastercard relies on the subpoena responses merely to "reiterate arguments previously made" and rejected by this Court, namely that there will be difficulties in distinguishing between individuals who received the fax on a stand-alone fax machine and via an online fax service. See Burger King Corp. v. Ashland Equities, Inc., 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). Mastercard extensively briefed this issue, and the Court addressed it. (See, e.g., Doc. 182 at 22–26; Doc. 186 at 13–17; Doc. 187 at 1–2; Doc. 188 at 22–28 & 25 n.12.) In sum, Mastercard has not identified newly discovered evidence that supports reconsideration of the certification order.

## II.  Mastercard's contention that the certification order is inconsistent is not a basis for reconsideration.

Mastercard next contends the order is inconsistent insofar as it rejected the proposed All Fax Recipients Class based on a lack of predominance due to the required individualized inquiries to determine whether each class member received a fax via a stand-alone machine or online fax service but found that common issues do predominate as to the Stand-Alone Fax Machine Class. (Doc. 189 at 19–24.) Again, Mastercard seeks to relitigate an issue that was previously raised and

6

considered, which is an inappropriate basis for relief on a motion for reconsideration.

As to the All Fax Recipients Class, the Court found as follows:

> [I]ndividualized inquiries would be required to determine whether each member received a fax via a stand-alone machine or online fax service. Such inquiries would be necessary for two independent reasons: (1) as a threshold question of whether each member has Article III standing; and (2) because only those who received a fax via a stand-alone machine could potentially have a valid TCPA claim, and thus the element of receipt on a "telephone facsimile machine" would not be subject to classwide proof.

(Doc. 188 at 20–21.) However, as Plaintiffs properly observe, "the common issue for the Stand-Alone Fax Machine Class is not whether each class member received the Fax on a stand-alone fax machine. By definition, every member of the class used a stand-alone fax machine." (Doc. 194 at 7.) Accordingly, in finding that predominance under Rule 23(b)(3) was satisfied, the Court found that:

> because each member of the class received the fax via a stand-alone machine, the element of receipt of a fax on a telephone facsimile machine could likely be proven by classwide evidence. . . . Mastercard points to no other compelling legal or factual issues that would require individualized determinations.

(Doc. 188 at 26.)

That "classwide evidence" might include, for example, the transmission log of successfully sent faxes, which could be cross-referenced against the fax numbers of the Stand-Alone Fax Machine Class members. (Doc. 188 at 14; Doc. 178 at 12–15.) As explained, that same classwide evidence is unavailable as to the All Fax Recipients Class because "if the Court determines that receipt of a fax via an online fax service

7

does not fall under the TCPA," which it did, "individual proof would be required to establish whether each member of the class received the fax via a stand-alone machine or online fax service." (Doc. 188 at 13.) And contrary to Mastercard's suggestion, information that could be "adduce[d] through [Plaintiffs'] proposed subpoena plan" relates not to classwide proof of the Stand-Alone Fax Machine Class members' potential TCPA claim but instead to the identification of those class members. (Doc. 189 at 5, 21–22.)

Although Mastercard again reiterates difficulties in identifying the class as it relates to predominance, this is not a basis for reconsideration. As noted, this issue was raised and fully considered by the Court. Further, although Mastercard asserts that the court in McKesson evaluated these difficulties in the context of predominance, the Eleventh Circuit has explained that "aside from its limited relevance to Rule 23(b)(3)(D), administrative feasibility is entirely unrelated to either Rule 23(a) or (b)." Cherry, 986 F.3d at 1304. This Court evaluated the issue of administrative feasibility under Rule 23(b)(3)(D) and concluded that "any difficulties in identifying membership of the Stand-Alone Fax Machine Class do not outweigh the factors that countenance in favor of class certification." (Doc. 188 at 23–24; see also Doc. 188 at 26, 28.) Indeed, "[a]dministrative feasibility alone will rarely, if ever, be dispositive," and the Court retains the "discretion to decertify a certified class that turns out to be unmanageable." Cherry, 986 F.3d at 1304–05.

8

Accordingly, absent a basis for reconsideration, it is **ORDERED**:

1. Mastercard's Motion for Reconsideration of Order (Doc. 188) Granting in Part and Denying in Part Plaintiffs' Second Amended Motion for Class Certification (Doc. 189) and its Motion for Leave to Submit a Reply (Doc. 195) are **DENIED**.  Mastercard's Motion for Additional Time to File Reply (Doc. 196) is **DENIED as moot**.

2. Following conferral with defense counsel and within **twenty-one days** from the date of this Order, Plaintiffs shall file a proposed form and method of dissemination of notice as to the certified Stand-Alone Fax Machine Class.  (Docs. 188, 193.)

**ORDERED** in Fort Myers, Florida on February 9, 2022.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE