UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SCOMA CHIROPRACTIC, P.A., a
Florida corporation, FLORENCE
MUSSAT M.D., S.C., an Illinois service
corporation, and WILLIAM P. GRESS,
an Illinois resident, individually and as
the representatives of a class of
similarly-situated persons,

        Plaintiffs,

v.                                                              Case No:   2:16-cv-41-JLB-MRM

DENTAL EQUITIES, LLC, FIRST
ARKANSAS BANK & TRUST,
MASTERCARD INTERNATIONAL
INCORPORATED, a Delaware
corporation, and JOHN DOES 1-10,

        Defendants.

_____/

**ORDER**

This is a junk fax case brought pursuant to the Telephone Consumer

Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47

U.S.C. § 227 ("TCPA").  This Court previously certified a class of individuals who

received unsolicited faxes, purportedly sent from Defendant Mastercard

International Incorporated ("Mastercard"), on their respective stand-alone fax

machines.  (Doc. 188.)  Plaintiffs now move for authorization to subpoena third-

party phone carriers under the Cable Communications Policy Act of 1984 ("Cable

Act").  See 47 U.S.C. §§ 521–73; (Docs. 198, 199.)  They also seek approval of a

proposed notice of pendency of class action.  (Doc. 201.)  Mastercard has responded

in opposition to both motions.  (Doc. 203, 206.)  Upon careful review, the Court

**GRANTS** the motion for authorization to subpoena third-party phone carriers

under the Cable Act (Doc. 198), and **GRANTS in part** the motion for approval of

the proposed notice of pendency of class action (Doc. 201).

## DISCUSSION

Plaintiffs allege that faxes containing Mastercard credit card advertisements

were sent to fax numbers without the recipients' permission and were received on

stand-alone fax machines and via online fax services.  (Doc. 55 at 2, ¶ 2, at 5, ¶¶ 15–

21.)  Plaintiffs moved to certify a class of all individuals who received the faxes (the

"All Fax Recipients Class") or, alternatively, classes of those who received the fax on

a stand-alone fax machine (the "Stand-Alone Fax Machine Class") and, additionally,

those who received the fax via an online fax service (the "Online Fax Service

Class").  (Doc. 178 at 4–5.)

This Court certified only the Stand-Alone Fax Machine Class.  (Doc. 188.)

Plaintiffs Scoma Chiropractic, P.A. ("Scoma") and William P. Gress were appointed

as class representatives, and Anderson + Wanca, Edelman, Combs, Latturner &

Goodwin, and Curtis C. Warner were appointed as class counsel.  (Id. at 30.)  The

Court denied Mastercard's subsequent motion for reconsideration of the

certification order.  (Docs. 189, 197.)  Mastercard then filed a petition for permission

for leave to appeal pursuant to Federal Rule of Civil Procedure 23(f), which was

denied by the U.S. Court of Appeals for the Eleventh Circuit.  (Docs. 200, 205.)

Fax transmission logs indicate that the faxes at issue were sent to more than 381,000 fax numbers, including an unknown quantity of fax numbers that utilize online fax services instead of a stand-alone fax machine.  (Doc. 199 at 2; Doc. 189 at 2, 16.)  As noted, individuals who received the faxes via an online fax service are not members of the certified class.  In order to identify those fax numbers pertaining to stand-alone fax machines, Plaintiffs now seek authorization to subpoena third-party phone carriers under the Cable Act.  (Docs. 198. 199.)  They also seek approval of a proposed notice of pendency of class action to be sent to all fax numbers in the transmission log.  (Doc. 201.)  The Court will address these requests in turn.

## DISCUSSION

I.   **Request for Authorization to Subpoena Third Parties Under the Cable Act**

To distinguish between individuals who received the faxes at issue on stand-alone fax machines and via an online fax service, Plaintiffs propose the following three-step process:

1.   Subpoena the Local Number Portability Administrator of the Number Portability Administrative Center to identify the carriers of the phone numbers that received faxes during the relevant date range.
2.   Use the response to the first subpoena to serve a second round of subpoenas on the identified phone carriers to identify whether the subscriber of each phone number was using an online fax service.
3.   Designate for the Stand-Alone Fax Machine Class all subscribers that do not use an online fax service provider.

(Doc. 199 at 2; Doc. 178 at 30–31.)[1]  Plaintiffs "anticipate that [they] will have to

issue over 100 subpoenas for step two," which will "provide to the phone carriers the

telephone numbers for which they provide service and request the following: 'For

each telephone number on the list for the dates listed, identify whether or not you

provided online fax service to the subscriber of that telephone number.'"  (Doc. 199

at 2–3.)

   As this Court noted in certifying the Stand-Alone Fax Machine Class, other

courts have approved of similar processes in TCPA cases.  (Doc. 188 at 24);

see, e.g., Physicians Healthsource, Inc. v. Stryker Sales Corp., No. 1:12-cv-729, 2014

WL 11429029, at *1 (W.D. Mich. Feb. 20, 2014); True Health Chiropractic Inc. v.

McKesson Corp., No. 13-cv-02219-HSG, 2020 WL 7664484, at *8 (N.D. Cal. Dec. 24,

2020).  Indeed, this Court approved of a similar process in another case brought by

Scoma.  See Scoma Chiropractic, P.A. v. Nat'l Spine and Pain Centers LLC, No.

2:20-cv-430, 2021 WL 4991523, at *2–3 (M.D. Fla. Oct. 27, 2021).  Considering the

lack of persuasive authority from Mastercard, coupled with the reasoning and

---

[1] The proposals in Plaintiffs' motion for class certification and motion for authorization under the Cable Act appear to vary.  Plaintiffs originally proposed designating as class members all subscribers who are not an online fax service provider, such as Vonage eFax, rather than "all subscribers that do not use an online fax service provider."  (Doc. 178 at 30–31; Doc. 199 at 2.)  No party addresses this inconsistency, which does not in any event affect the disposition of Plaintiffs' motion.  Further, according to Plaintiffs, they do "not need to obtain contact information from the phone carriers as it has already been obtained in discovery in this litigation."  (Doc. 199 at 3.)

authority cited in this Court's prior decision, this process is appropriate in these circumstances as well.[2]

Mastercard nevertheless asserts that, because of the volume of fax numbers at issue, the three-step process will burden the parties, the third-party phone carriers, and the Court.  (Doc. 203 at 8–10.)  Although Mastercard claims that it is not challenging Plaintiffs' motion on "burdensome" grounds, it does contend that the proposed process contravenes Federal Rule of Civil Procedure 26's mandate that discovery be "proportional to the needs of the case," considering "the burden or expense of the proposed discovery."  Fed. R. Civ. P. 26(b)(1); (Doc. 203 at 3–4, 8–9.)

As this Court has previously recognized, however, it is unclear how Mastercard has standing to challenge Plaintiffs' subpoenas based on any burden on the carriers.  A party cannot challenge a third-party subpoena unless the challenge implicates a "personal right or privilege with respect to the materials subpoenaed." Brown v. Braddick, 595 F.2d 961, 967 (5th Cir. 1979).  This excludes challenges "on the grounds of oppression and undue burden . . . where the non-parties have not objected on those grounds."  Auto-Owners Ins. Co. v. Se. Floating Docks, Inc., 231 F.R.D. 426, 429 (M.D. Fla. 2005) (citation omitted).  And other courts have rejected similar contentions as a basis to deny a request for authorization to issue third-

---

[2] Under the Cable Act, a cable operator is generally prohibited from disclosing any personally identifiable information about subscribers without prior written consent or a number of statutory exceptions.  47 U.S.C. § 551(c).  One of these exceptions allows a cable operator to disclose such information when "made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed."  Id., § 551(c)(2)(B).

party subpoenas under the Cable Act.  See Sharfman v. Infucare, No. 6:21-cv-525-WWB-DCI (M.D. Fla Nov. 11, 2021), ECF 32 at 4–5 (observing that "Defendants cite no case in which a court has denied a Cable Act request like the one before the Court").  In all events, as in other cases, this Court will provide the carriers and subscribers with a reasonable amount of time to challenge the subpoenas.

Second, Mastercard asserts that in other actions the proposed process has not been able to distinguish between users of stand-alone fax machines and online fax services.  (Doc. 203 at 2–8.)  This Court has rejected this contention as insufficiently supported in certifying the Stand-Alone Fax Machine Class and denying Mastercard's motion for reconsideration.  (Doc. 197 at 5–6; Doc. 188 at 22–28 & 25 n.12.)[3]  Indeed, Mastercard cites no authority in support of the proposition that this contention is a basis to deny Plaintiffs' request under the Cable Act.

---

[3] Evidently, Mastercard also raised this issue in its petition for permission to appeal under Rule 23(f) of the Federal Rules of Civil Procedure.  (See Doc. 205 at 7.) The Eleventh Circuit stated as follows:

> Mastercard asserts that it will be impossible for the plaintiffs to determine which individuals received a fax to a regular fax machine and which individuals received a fax to their email accounts.  But the plaintiffs haven't yet had the chance to attempt to show that such a determination is, in fact, possible. The plaintiffs have proposed a post-discovery plan to subpoena information that they say will help them make that determination.  Because it remains to be seen whether the plaintiffs will determine a way to identify the individuals who belong in the subclass, the status of this litigation, on balance, counsels against immediate review.

(Id.)

In summary, Plaintiffs' request for authorization to issue subpoenas on third-party phone carriers under the Cable Act is due to be granted, consistent with this Order. Plaintiffs lastly request that, "in the event that the Court grants this Motion, Plaintiffs seek leave, pursuant to L.R. 3.01(g), to file a Proposed Order that can then be attached to the subpoenas." (Doc. 198 at 1.) Mastercard did not respond to this request.

In prior cases, this Court has denied such requests, finding that the "full order" granting authorization under the Cable Act should be included with a subpoena. See, e.g., Scoma Chiropractic, P.A., No. 2:20-cv-430 (M.D. Fla. Nov. 10, 2021), ECF 74 at 2. However, absent opposition from Mastercard, the Court will entertain a proposed short form order. Accordingly, the request for leave is granted and, following good faith conferral with Mastercard, Plaintiffs shall file on or before April 14, 2022 a proposed order to be attached to the subpoenas.

## II.     Request for Approval and Delivery of Notice

Plaintiffs next seek approval of their proposed notice of pendency of class action and for delivery to be effected by facsimile and by U.S. mail to those individuals or entities who were not successfully sent notice by facsimile. (Docs. 201, 201-1.) They further request the scheduling of deadlines by which class members are permitted to opt out and Plaintiffs are to effect delivery of notice, and that Class-Settlement.com be appointed class notice administrator. (Doc. 201 at 4.) Mastercard contends that delivery of class notice is premature because "Plaintiffs purport to be starting a post-discovery process that would identify stand-alone fax

machine users," namely the three-step process previously described, and that "class

notice should be delayed until the completion of that process to prevent notifying

thousands of fax recipients who cannot be members of the certified class." (Doc. 206

at 3.)  Alternatively, Mastercard contends that the content of Plaintiffs' proposed

notice "should be revised to make it clear to recipients that they are only members

of the certified class if they used a stand-alone fax machine." (Id. at 4.)  The Court

will begin by addressing Mastercard's concerns.

Rule 23 of the Federal Rules of Civil Procedure provides that upon

certification of a class, "the court must direct to class members the best notice that

is practicable under the circumstances, including individual notice to all members

who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B).  "[T]he

Federal Rules do not prescribe a specific timeline for the issuance of class notice

under Rule 23(c)(2)." McKinney v. U.S. Postal Serv., 292 F.R.D. 62, 68 (D.D.C.

2013).  At a minimum, "[c]ertification under Rule 23(b)(3) would require that the

class members receive notice of the suit well before the merits of it are adjudicated."

Cohen v. Office Depot, Inc., 204 F.3d 1069, 1078 (11th Cir. 2000) (quotation and

emphasis omitted).  Courts have further held that notice should be sent "as

promptly as the circumstances will permit," although "the court may decide to

postpone giving formal notice under Rule 23(c)(2) if there is a reason for delay and it

would not prejudice those class members who are not before the court." McKinney,

292 F.R.D. at 68 (quotations omitted).  At bottom, Mastercard's reasons for delaying

the delivery of notice are unpersuasive.

Mastercard relies on <u>Beltran v. InterExchange, Inc.</u>, No. 14-cv-3074-CMA-CBS, 2018 U.S. Dist. LEXIS 60155 (D. Colo. Apr. 9, 2018), for the proposition that "[n]otice is most frequently delayed where it is necessary to wait until discovery has taken place to be in a better position to determine the propriety of class-action treatment and to define the class." 2018 U.S. Dist. LEXIS 60155, at *18 (citations and quotation marks omitted). But in <u>Beltran</u>, the court declined to delay notice pending a ruling on the defendants' Rule 23(f) petition for permission to appeal. <u>Id.</u> In all events, the Stand-Alone Fax Machine Class has been defined and certified, and the Eleventh Circuit has denied Mastercard's Rule 23(f) petition for permission to appeal. And in the other case Mastercard relies on, the court postponed a ruling on notice-related issues in the same order which conditioned class certification on plaintiff demonstrating a procedure to notify class members. <u>See</u> <u>Cusick v. N. V. Nederlandsche Combinatie Voor Chemische Industrie</u>, 317 F. Supp. 1022, 1025 (E.D. Pa. 1970).

To be sure, the fax transmission log includes fax numbers that, like Plaintiff Florence Mussat M.D., S.C.'s, correspond to online fax services instead of stand-alone fax machines. Mastercard thus contends that notice sent to all fax numbers on the transmission log will be "overinclusive." (Doc. 206 at 5.)[4] The proportion of

---

[4] Mastercard cites no persuasive authority in support of the proposition that notice should not be delivered merely because it would be "overinclusive." Instead, Mastercard relies on <u>Macarz v. Transworld Sys.</u>, No. 3:97-cv-2194, 2001 U.S. Dist. LEXIS 18005 (D. Conn. May 11, 2001), where the court rejected notice by mail in favor of publication as to a class action <u>settlement</u> because, among other things, "notice by mail would result in only sixty percent of the class receiving notice and twenty-five percent of the notices would be sent to non-class members." 2001 U.S.

individuals who used stand-alone fax machines rather than online fax services, however, is unclear.  In all events, any related concerns should be assuaged by the language—as proposed by Mastercard—in the notice specifying that only those individuals who received the faxes at issue via a stand-alone fax machine are members of the certified class.

Turning to the method of notice, Rule 23 authorizes notice "by one or more of the following: United States mail, electronic means, or other appropriate means." Fed. R. Civ. P. 23(c)(2)(B).  The Court agrees with Plaintiffs and other courts in finding that because the certified class consists of members who received certain faxes, the best notice practicable is notice by facsimile to the same fax number as reflected in the transmission log, with delivery by U.S. mail to the last known address associated with the fax number if the notice is unsuccessfully sent by fax three times.  See, e.g., JWD Auto., Inc. v. DJM Advisory Grp. LLC, 2:15-cv-793, 2017 U.S. Dist. LEXIS 187266, at *4 (M.D. Fla. Aug. 15, 2017); Med. & Chiropractic Clinic, Inc. v. Ancient Nutrition, LLC, 8:16-cv-2342-T-23TGW (M.D. Fla. Mar. 23, 2017), ECF 44; Tickling Keys, Inc. v. Transamerica Fin. Advisors, Inc., 6:17-cv-1734-Orl-37KRS (M.D. Fla. Nov. 13, 2018), ECF 42; Palm Beach Golf Center-Boca,

---

Dist. LEXIS 18005, at *8.  Here, there has been no settlement to encourage responses by non-members, there is no indication that the percentage of notices that would be sent to non-class members is as high as twenty-five percent, and there is no concern of an "under-inclusive" notice.  Mastercard also cites Skelton v. General Motors Corp., No. 79 C 1243, 1987 U.S. Dist. LEXIS 795 (N.D. Ill. Feb. 5, 1987), which is similarly distinguishable.  The court in Skelton rejected a proposed modification of a notice plan as provided in, again, a class action settlement agreement.  Like in Macarz, there was also a risk of "some class members not receiving the notice."  Id. at *8, n.3 (emphasis in original).

Inc. v. John G. Sarris, D.D.S., P.A., No. 9:12-cv-80178 (S.D. Fla. Oct. 22, 2015), ECF 134.[5]

Plaintiffs further request that Class-Settlement.com be appointed as class notice administrator "for purposes of disseminating the notice and administering any requests for exclusion." (Doc. 201 at 4.)  Plaintiffs assert that they "will direct the class administrator to create a webpage that will post the Notice, complaint, defendant's answer, [the certification order] and [the order denying Mastercard's motion for reconsideration], and the deadline to opt out." (Id.; Doc. 201-1 at 3; Doc. 206-1 at 5.)  Absent any objection from Mastercard, the requests are due to be granted.  See, e.g., Tickling Keys, Inc., 6:17-cv-1734-Orl-37KRS (M.D. Fla. Nov. 13, 2018), ECF 42 (appointing Class-Settlement.com as class administrator).

Plaintiffs next request a deadline of 60 days from the date the notice is sent for members to opt out of the certified class.  (Doc. 201 at 4.)  The notice, which is to be sent by May 2, 2022, would result in a deadline of July 1, 2022.  This would provide sufficient time to disseminate notice and for class members to make an informed decision on whether to opt out "well before the merits of [the claims] are adjudicated." Cohen, 204 F.3d at 1078; cf. Greco v. Ginn Dev. Co., LLC, 635 F. App'x 628, 634 (11th Cir. 2015) (finding reasonable 45-day period to submit a claim, opt out, or object to proposed settlement).  Absent any objection from Mastercard, the request is due to be granted.

---

[5] Plaintiffs represent that they "anticipate obtaining updated addresses for class members from the National Change of Address Database, NPI and other similar databases." (Doc. 201 at 3.)

## III.  Content of the Notice

As to the content of the notice, Plaintiffs have filed a proposed notice of

pendency of class action.  (Doc. 201-1.)  Mastercard has proposed changes in an

effort "to make it clear to recipients that they are only members of the certified class

if they used a stand-alone fax machine."  (Doc. 206 at 4; Doc. 206-1.)  The Court

agrees with Mastercard's proposed revisions as follows:

1.  In Paragraph A, including the following: "You are only a member of the
    Class if you received the fax described above on a stand-alone telephone
    facsimile machine.  If you only received the fax via an online fax service,
    you are not a member of the class, and this notice does not apply to you."

2.  In Paragraph B, changing "The class members with stand-alone fax
    machines" to "The class members (those fax recipients who received the
    faxes on stand-alone fax machines)"

3.  In Paragraphs D and D2, changing "You" to "If you received the fax on a
    stand-alone fax machine, you"

4.  In Paragraph D1, changing "If" to "If you received the fax on a stand-alone
    fax machine, and"

5.  In Paragraph D1, changing "You will lose your right to file your own
    separate lawsuit against Defendants about their advertising faxes" to
    "You will lose your right to file your own separate lawsuit against
    Defendants about their alleged advertising faxes"

(See Docs. 201-1, 206-1.)  Mastercard's remaining proposed revisions are rejected.

Additionally, in Paragraph D3, "your check will automatically be mailed to the address shown" shall be changed to "any check issued will be mailed to the address shown." (Doc. 201-1 at 3.) In Paragraph E, "the Settlement website" shall be changed to "the website." (Id.) Lastly, the following language shall be added to the end of Paragraph D1: "If you have not requested to be excluded from the class and should choose to file a separate appearance, you must do so on or before July 1, 2022." (Id.)

## IV.    Case Management and Scheduling

This Court previously declined to schedule remaining case deadlines pending resolution of Plaintiffs' amended motion for class certification. (Doc. 158.) That motion, Mastercard's subsequent motion for reconsideration, and Mastercard's petition for permission to appeal have since been resolved. Accordingly, on or before April 21, 2022, the parties shall file an updated joint case management report.

## CONCLUSION

For the reasons above, it is **ORDERED**:

1.    Plaintiffs' Motion for Entry of Authorization Order Under the Cable Act (Doc. 198) is **GRANTED**.

2.    Plaintiffs may serve subpoenas on the third-party phone carriers for the numbers in the transmission log, consistent with this order and the certification order (Doc. 188), to determine whether the subscriber of each phone number was using an online fax service on the dates listed. (Doc. 199 at 2–3.)

3.    The phone carriers shall have **thirty (30) days** after being served with the subpoenas to: (a) assert any opposition to the subpoenas, and (b) notify the subscribers that their personally identifiable information is being sought by Plaintiffs under the Cable Act.  The carriers may provide notice to the subscribers using any reasonable means.  For purposes of this order, opposition includes motions to shift costs of compliance with the subpoenas if such costs prove significant.

4.    Each subscriber whose personally identifiable information is sought shall have **thirty (30) days** after receiving notice from their carrier to assert any opposition to the subpoenas.

5.    Any personally identifiable information that Plaintiffs obtain in response to their subpoenas must be used only for purposes of this case.

6.    Should Plaintiffs seek approval of a short form order to be attached to the subpoenas, following good faith conferral with Mastercard, Plaintiffs are **DIRECTED** to file on or before **April 14, 2022** a proposed order.  Otherwise, Plaintiffs shall include the Court's full order.

7.    Plaintiffs' Motion for Approval of the Delivery of Notice of Pendency of Class Action (Doc. 201) is **GRANTED in part**.

8.    Consistent with this order, Plaintiffs are **DIRECTED** to effect delivery of the approved notice by **May 2, 2022**, with notice made by facsimile

14

to the same fax number as reflected in the transmission log and

delivery by U.S. mail to the last known address associated with the fax

number if the notice is unsuccessfully sent by fax three times.

9.      The deadline for class members to opt out of the certified class or file a

separate appearance is **July 1, 2022**, and any request for exclusion

must be postmarked on or before that date.

10.     Class-Settlement.com is **APPOINTED** as class notice administrator

for purposes of disseminating the notice and administering any

requests for exclusion.

11.     On or before **April 21, 2022**, the parties shall file an updated joint case

management report.

**ORDERED** in Fort Myers, Florida, on March 31, 2022.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE