UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SCOMA CHIROPRACTIC, P.A., a
Florida corporation, FLORENCE
MUSSAT M.D., S.C., an Illinois service
corporation, and WILLIAM P. GRESS,
an Illinois resident, individually and as
the representatives of a class of
similarly-situated persons,

   Plaintiffs,

v.              Case No: 2:16-cv-41-JLB-MRM

DENTAL EQUITIES, LLC, FIRST
ARKANSAS BANK & TRUST,
MASTERCARD INTERNATIONAL
INCORPORATED, a Delaware
corporation, and JOHN DOES 1-10,

   Defendants.
_____/

**ORDER**

   This is a junk fax case brought pursuant to the Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227 ("the TCPA"). This Court previously certified a class of individuals who received unsolicited faxes, purportedly sent from Defendant Mastercard International Incorporated ("Mastercard"), on their respective stand-alone fax machines. (Doc. 188.) The Court granted Plaintiffs' subsequent request for authorization to subpoena third-party phone carriers under the Cable Communications Policy Act of 1984 ("Cable Act"). (Doc. 208.) Mastercard now seeks to reopen discovery for limited purposes relating to those subpoenas. (Doc.

215.) Plaintiffs have responded in opposition. (Doc. 217.) Upon careful review, the motion is **GRANTED**.

## BACKGROUND

Plaintiffs allege that faxes advertising a Mastercard credit card were sent to fax numbers without the recipients' permission and were received on stand-alone fax machines and via online fax services. (Doc. 55 at 2, ¶ 2, at 5, ¶¶ 15–21.) This Court certified a class of those individuals who received the faxes on a stand-alone fax machine (the "Stand-Alone Fax Machine Class"). (Docs. 178, 188.) To identify the fax numbers pertaining to stand-alone fax machines, Plaintiffs sought authorization to subpoena third-party phone carriers under the Cable Act. (Docs. 198, 199.) The Court granted the request. (Doc. 208.) Specifically, Plaintiffs intend to ask the phone carriers as follows: "For each telephone number on the list for the dates listed, identify whether or not you provided online fax service to the subscriber of that telephone number." (Doc 199 at 3.)[1]

In the parties' Fifth Amended Joint Case Management Report and after the close of discovery, Mastercard argued as to whether good cause existed to reopen discovery to "test the subpoena process" and produce supplemental expert reports. (Doc. 213 at 2–4.) In light of the request and the ongoing scheduling disputes

---

[1] Mastercard observes that "only Plaintiffs were permitted to send subpoenas in the Cable Act order." (Doc. 215 at 11.) Indeed, Plaintiffs were the only parties who requested authorization to issue subpoenas pursuant to the Cable Act. (Docs. 198, 203, 208.) In all events, Mastercard notes that it does not now "seek authorization under the Cable Act to subpoena the carriers." (Doc. 215 at 11 n. 7.)

2

between the parties, the Court permitted Mastercard to move to reopen discovery. (Doc. 214.)  Specifically, Mastercard seeks an order:

> (i) formally reopening fact discovery limited to issues relevant to Plaintiffs' third-party subpoena process to determine which Fax recipients used stand-alone fax machines; (ii) clarifying that the parties are permitted, consistent with the Rules governing expert discovery, to supplement their previous expert disclosures to address the subpoena process and evidence adduced therefrom; and (iii) directing the parties to include in their proposed joint case management report a schedule for supplementing expert disclosures.

(Doc. 215 at 1.)  Plaintiffs have responded in opposition.  (Doc. 217.)

## DISCUSSION

Rule 16(b) of the Federal Rules of Civil Procedure "gives the district court the authority to set a scheduling order limiting the time to complete discovery." Simpson v. State of Ala. Dep't of Hum. Res., 501 F. App'x 951, 956 (11th Cir. 2012).  Once entered, "[s]uch orders 'control the subsequent course of the action . . . and may be modified only 'upon a showing of good cause.'" Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16).  To demonstrate good cause to extend a deadline under Rule 16(b), a party must show that "the schedule cannot be met despite the diligence of the party seeking the extension."  Id. (quotation omitted).

Here, Mastercard has demonstrated good cause to reopen discovery for the limited purpose of additional fact discovery and supplemental expert reports relating to the method of identifying individuals who received the faxes at issue via a stand-alone fax machine.

3

I.      Reopening Fact Discovery

Through the subpoena process authorized by the Cable Act order, Plaintiffs seek information from phone carriers as to whether certain individuals received the faxes on a stand-alone fax machine or via an online fax service.  (Docs. 198, 208.)  As Mastercard observes, not only are the subpoenas intended to identify members of the Stand-Alone Fax Machine Class, but they may also establish whether an individual received the fax on a "telephone facsimile machine" under the TCPA.  (Doc. 215 at 7–8); see 47 U.S.C. § 227(b)(1)(C).  This is an element of a TCPA claim.  See Daisy, Inc. v. Pollo Operations, Inc., No. 2:14-cv-564-FtM-38CM, 2015 U.S. Dist. LEXIS 39265, at *7–8 (M.D. Fla. Mar. 27, 2015).[2]

Accordingly, the Court agrees with Mastercard that the phone carriers' responses to the subpoenas could potentially relate to the merits of the class's claims, and that it would be unfair to permit Plaintiffs to engage in the subpoena process, which would otherwise be untimely, and not permit Mastercard to conduct related discovery.  See Lookout Mt. Wild Animal Park, Inc. v. Stearns Zoological

---

[2] Plaintiffs observe that this Court previously noted that information "'adduce[d] through [Plaintiffs'] proposed subpoena plan' relates not to classwide proof of the Stand-Alone Fax Machine Class members' potential TCPA claim but instead to the identification of those class members."  (Doc. 197 at 8 (quoting Doc. 189 at 5).)  In context, however, that language appears in an order denying Mastercard's motion for reconsideration challenging a determination that, as to predominance under Rule 23 of the Federal Rules of Civil Procedure, "because each member of the class received the fax via a stand-alone machine, the element of receipt of a fax on a telephone facsimile machine could likely be proven by classwide evidence."  (Doc. 189 at 5; Doc. 188 at 26.)  In all events, Plaintiffs' sufficient showing under Rule 23 and the Cable Act does not preclude Mastercard's right to seek discovery relating to the subpoena process.

Rescue & Rehab Ctr., Inc., No. 8:09-cv-2301-T-30EAJ, 2011 U.S. Dist. LEXIS 161358, at *2 (M.D. Fla. Apr. 13, 2011) (noting that Rule 45 subpoenas constitute discovery subject to discovery deadlines); Zendejas v. Redman, No. 15-81229-CV, 2017 U.S. Dist. LEXIS 102603, at *3 (S.D. Fla. June 26, 2017) (quashing as untimely third-party subpoenas served two months after discovery deadline). Indeed, "discovery is a two-way street." Cooper v. Meridian Yachts, No. 06-61630, 2007 U.S. Dist. LEXIS 116790, at *9 (S.D. Fla. Sep. 20, 2007).

Moreover, despite Plaintiffs' assertions to the contrary, there is no indication that Mastercard has not exercised diligence in pursuing discovery, or that Mastercard could have anticipated that the discovery it now seeks was necessary prior to the discovery deadline. On this point, this case's procedural posture is distinguishable from cases where the same type of subpoena process was undertaken during the fact discovery period and not after certification. See, e.g., Scoma Chiropractic, P.A. v. Nat'l Spine & Pain Ctrs. LLC, No. 20-cv-430-JLB-MRM. In Nat'l Spine, for example, the discovery deadline was extended to accommodate the subpoena process and the defendants' right to seek related discovery. Id. ECF Nos. 71, 76, 79, 80. In short, fact discovery will be reopened for the limited purpose of permitting the parties to address the information that Plaintiffs will adduce from the phone carriers.[3]

---

[3] To the extent necessary, the Court also finds that, due to the unique procedural posture of this case, Mastercard has established excusable neglect under Rule 6 of the Federal Rules of Civil Procedure. See, e.g., Abruscato v. Geico Gen. Ins. Co., No. 3:13-cv-962-J-39JBT, 2014 U.S. Dist. LEXIS 192488, at *2 (M.D. Fla. May 30, 2014). In analyzing excusable neglect, courts consider "all relevant

II.   Supplementing Expert Disclosures

Mastercard next seeks an order permitting the parties to supplement their expert disclosures. (Doc. 215 at 12–14.) Rule 26(e) of the Federal Rules of Civil Procedure requires Rule 26(a)(2)(B) expert witnesses to, in certain circumstances, supplement their disclosures. See SFR Services LLC v. Elec. Ins. Co., No. 8:19-cv-2013-CPT, 2021 WL 1193284, at *4 (M.D. Fla. Mar. 30, 2021). Courts also routinely allow parties to supplement expert reports based on the production of new evidence. See, e.g., Aileron Inv. Mgmt., LLC v. Am. Lending Ctr., LLC, No. 8:21-cv-146-MSS-AAS, 2022 U.S. Dist. LEXIS 30919, at *8 (M.D. Fla. Feb. 22, 2022); Williams v. First Advantage LNS Screening Sols., Inc., No. 1:13-cv-222-MW/GRJ, 2015 U.S. Dist. LEXIS 174593, at *2 (N.D. Fla. Nov. 6, 2015).

Here, because discovery is reopened for the limited purposes noted, the parties will be permitted to supplement their expert disclosures for the limited purpose of addressing any newly obtained information during the subpoena process. This determination is further supported from the procedural history of this case.

---

circumstances surrounding the party's omission," including "the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993). Notably, Plaintiffs identify no specific source of potential prejudice apart from "additional delay." (Doc. 217 at 14.) However, following their motion for authorization to issue subpoenas pursuant to the Cable Act, Plaintiffs requested a deadline of September 30, 2022 to complete the subpoena process. (Doc. 213 at 2.) It is unclear that the discovery Mastercard requests would further protract this litigation. Indeed, Mastercard requested a deadline to supplement expert reports of merely a week later. (Doc. 213 at 6.)

According to Mastercard, when the parties first exchanged expert reports, Plaintiffs had taken no discovery to determine how the faxes were received. (Doc. 215 at 12–13.) Since then, this Court determined that only users of stand-alone fax machines may have TCPA claims, certified the Stand-Alone Fax Machine Class, and permitted Plaintiffs to engage in their subpoena process intended to identify class members. (Docs. 188, 208.) That same subpoena process could establish whether individuals received the faxes at issue on a "telephone facsimile machine" under the TCPA. Mastercard's expert would have had no prior opportunity to opine on this new information, and supplementation is thus permitted.

## CONCLUSION

For the reasons above, it is **ORDERED**:

1. Defendant Mastercard International Incorporated's Motion to Reopen Discovery (Doc. 215) is **GRANTED**.

2. Discovery is **REOPENED** for the limited purposes of discovering how the faxes at issue were received. As part of this limited discovery, and subject to the Federal Rules governing expert discovery, the parties may supplement their expert disclosures.

3. The parties are **DIRECTED** to file their joint case management report within **seven (7) days** of this order and following **good faith conferral**. That case management report shall include a specific schedule for supplemental fact and expert discovery consistent with this Order.

**ORDERED** in Fort Myers, Florida, on May 25, 2022.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE