UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SCOMA CHIROPRACTIC, P.A.,
WILLIAM P. GRESS, and
FLORENCE MUSSAT M.D., S.C.

    Plaintiffs,

v.

                                      Case No.: 2:16-cv-41-JLB-NPM

DENTAL EQUITIES, LLC,
JOHN DOES 1-10, and
MASTERCARD INTERNATIONAL INCORPORATED,

    Defendants
_____/

**<u>ORDER</u>**

    Currently pending before the Court, among other things, is Plaintiffs' Motion to Modify Class Definition (Doc. 254). Mastercard opposes the Motion. (Doc. 256). For the following reasons, the Court *sua sponte* stays this case pending the Eleventh Circuit's resolution of the appeal in *Scoma Chiropractic, P.A. v. National Spine Centers, LLC*, Appeal No. 23-13087.

    A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The determination of whether to impose a stay "calls for the exercise of judgment,

1

which must weigh competing interests and maintain an even balance." *Id.* at 254–55.

One of the main arguments currently pending before the Court is Plaintiffs' argument that "the TCPA covers faxes sent to online fax services." (Doc. 254 at 18). And the Civil Appeal Statement filed in the *National Spine* appeal indicates that one of the issues proposed to be raised on appeal is "[w]hether the TCPA protects consumers who use an 'online fax service' to receive faxes . . . ." (11th Cir. Appeal No. 23-13087, Doc. 8 at 2). Although the facts underlying this case and the *National Spine* appeal are different, the legal issue of whether the TCPA covers faxes sent to online fax services appears in both cases and has consistently been contested in this lawsuit. (*See* Doc. 254). The Eleventh Circuit has previously held that "await[ing] a federal appellate decision that is likely to have a substantial or controlling effect on the claims and issues in the stayed case" was a good reason for a stay. *Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1198 (11th Cir. 2009). Because resolution of one of the issues underlying the *National Spine* appeal will likely narrow at least some of the claims pending in this lawsuit, potentially conserving judicial resources and saving the parties time and money spent on legal fees, the Court finds good cause to stay this matter pending resolution of the appeal.

Accordingly, the Court will stay this action. The stay will be narrowly tailored and tied to the Eleventh Circuit's resolution of the appeal pending in *Scoma*

*Chiropractic, P.A. v. National Spine Centers, LLC*, Appeal No. 23-13087 (11th Cir. 2023).[1]

## CONCLUSION

Accordingly, it is **ORDERED**:

1. This action is **STAYED** until further order of the Court following the Eleventh Circuit's resolution of the appeal in *Scoma Chiropractic, P.A. v. National Spine Centers, LLC*, Case No. 23-13087.

2. Within ten (10) days of the Eleventh Circuit's resolution of the appeal, the parties must file a notice advising the Court of that resolution and a motion requesting the reopening of the case and the lifting of the stay.

3. The Clerk is **DIRECTED** to place a **STAY FLAG** on the file and **ADMINISTRATIVELY CLOSE** this case.

**ORDERED** at Fort Myers, Florida on November 9, 2023.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

---

[1] The Court is aware that briefing in the National Spine appeal has been stayed pending the disposition of a motion to dismiss the appeal for lack of jurisdiction. (11th Cir. Appeal No. 23-13087, Doc. 23-2 at 2).